UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARTH FERDINAND (A-Number: 078-871-812),

               Petitioner,

     v.

WARDEN, *et al.*,

               Respondents.

Case No.  1:26-cv-0186-DJC-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Garth Ferdinand entered the United States in 2000 and was detained by ICE in 2025.  Petitioner, now proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention violates the Immigration and Nationality Act.  Respondents move to dismiss the petition on the basis that petitioner has failed to exhaust his administrative remedies.  For the following reasons, I recommend that respondents' motion be denied, the petition be granted, and petitioner be afforded a bond hearing.

**Background**

Petitioner entered the United States in 2000 on a tourist visa.  ECF No. 15-1 at 2.  In 2001, petitioner attained conditional permanent resident status.  *Id*.  In 2012, however, such status was terminated because petitioner failed to respond to a request for evidence.  *Id*.  In the time since 2012, there is no evidence that petitioner filed an application for a protected status.  There also is no evidence that, prior to his present detention, petitioner was previously detained.

1

In May 2025, petitioner was arrested in Florida for his third offense of driving with a suspended license. *Id*. He was detained by ICE at the local county jail. *Id*. The government maintains that petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), and that he has not requested a bond hearing since his detention. ECF No. 15 at 1.

**Procedural History**

On January 12, 2026, petitioner, initially proceeding pro se, filed a petition for writ of habeas corpus, ECF No. 1, and a motion for appointment of counsel, ECF No. 2. The court referred the matter to me that same day. ECF No. 5. I appointed counsel on January 22, 2026, and appointed counsel appeared on January 27, 2026. *See* ECF Nos. 6 & 7. Pursuant to the parties' stipulation, petitioner filed an amended petition on April 17, 2026.[1] ECF No. 14. On April 24, 2026, respondents moved to dismiss the amended petition. ECF No. 15. Although petitioner was required to respond to respondents' motion by May 8, 2026, petitioner did not file an opposition until May 14, 2026. *See* ECF Nos. 16 & 17.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

---

[1] According to the parties, petitioner's counsel was unable to contact petitioner until sometime during the week of March 9, 2026, and after counsel made contact, petitioner requested that counsel wait until after March 27, 2026—when petitioner had an immigration court hearing—to proceed with this action. ECF No. 17 at 1-2.

2

**Analysis**

Both parties agree that petitioner's detention is governed by 8 U.S.C. § 1226(a).  *See* ECF No. 14 ¶ 32; ECF No. 15 at 3.  "Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an [immigration judge] at any time before a removal order becomes final."  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).  Although petitioner has been detained for over a year, he has not received a bond hearing.

Petitioner alleges that his detention without a bond hearing violates the Immigration and Nationality Act.[2]  ECF No. 14 ¶¶ 26-40.  Respondents counter that it is petitioner's obligation to request a bond hearing before the immigration court, and because petitioner has not done so, the petition should be dismissed for petitioner's failure to exhaust his administrative remedies.  ECF No. 15 at 3 (citing 8 C.F.R. § 1003.19).  "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."  *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).  To decide whether exhaustion is required, courts consider the *Puga* factors, evaluating whether:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

At the outset, I note that this procedural posture is unusual in that it is uncontested that petitioner could have requested a bond hearing at any time during the last year, during which he has been detained, and it appears that petitioner has not made a request for a bond hearing in the exact manner prescribed by regulations.  *See* 8 C.F.R. § 1003.19(c) (providing that, to request a

---

[2] Because the petition should be granted on the basis of petitioner's statutory right alone, I do not consider his claims alleging that, by not providing him a pre-deprivation hearing, respondents violated the Fifth Amendment and the Immigration and Nationality Act.  *See* ECF No. 1 ¶¶ 51-60.  It bears mention, however, that petitioner would not succeed on these claims because there is no evidence that he has previously been released from custody.  The record establishes that petitioner entered the country on a tourist visa, attained conditional permanent resident status, had such status revoked, and then was detained for the first time in 2025.  ECF No. 15-1 at 2.  Accordingly, neither due process nor the statute required that petitioner be provided with a pre-deprivation hearing.

3

bond redetermination, a petitioner shall submit an application to the immigration court or Office of the Chief Immigration Judge). I am guided by other courts in this District that have addressed these uncommon circumstances. For example, in *Chateauneuf v. Chestnut*, the court excused the exhaustion requirement and ordered a bond hearing. No. 1:26-cv-1073-DC-JDP, 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026). The court held that:

> [T]he court will waive the prudential exhaustion requirement because the relief that the court will grant by this order—a hearing in front of an immigration judge at which Petitioner's eligibility for bond must be considered—is precisely the relief that prudential exhaustion would require. Further, as Petitioner alleges in her reply, she did initially inform the arresting ICE officer that she wished to appear before an immigration judge, and her entry pursuant to a B-2 visa is not registered with DHS. [citation] Thus, there is a chance that absent a court order, an immigration judge would find that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225 and refuse to consider her eligibility for detention under that statute, despite Respondents' concession in their filings in this court. By granting Petitioner's motion in this case, the court ensures that an immigration judge with immigration expertise considers Petitioner's eligibility for release. Further, granting Petitioner's motion does not encourage the deliberate bypass of the administrative scheme because the court's order puts Petitioner in the same position as if she had formally requested a bond hearing.

*Id*. at *3.

Similarly, in *Hernandez Burruel v. Murray*, the parties agreed that the petitioner's detention was governed by 8 U.S.C. § 1226(a). No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at *2 (E.D. Cal. Nov. 20, 2025). The court excused the prudential exhaustion requirement and ordered a bond hearing. *Id*. Specifically, the court held that:

> As to the first *Puga* factor, here agency expertise is not necessary to generate a proper record or reach a proper decision. It is undisputed by the parties before the court that petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). Whether this court or an immigration court directs that one be provided to petitioner is immaterial. As to the second *Puga* factor, relaxation of the exhaustion requirement in this context would not encourage deliberate bypass of the administrative scheme. Instead, requiring a bond hearing will shift initial decision-making authority back to the immigration court as appropriate. As to the third and final *Puga* factor, requiring administrative review of the need for a bond hearing is not likely to allow the agency to correct its own mistakes and preclude the need for judicial review. In fact, according to respondents, they have not yet even had the opportunity to make a mistake as to the provision of a bond hearing because petitioner has

4

not, as far as they are concerned, properly requested one. *Id*. at *3.

I agree with the reasoning of the courts to have addressed this issue and find that, in light of my recommendation that petitioner be afforded a bond hearing, the prudential exhaustion requirement should be excused. Accordingly, having addressed respondents' only argument in response to petitioner's statutory claim, I find that petitioner is statutorily entitled to a bond hearing at which his eligibility for bond must be considered. To the extent that the government maintains that petitioner is eligible for a bond hearing, it is unknown why the government has not facilitated such a hearing in light of petitioner initiating this action in January 2026. To the extent that the government asserts that petitioner is ineligible for a bond hearing, depriving petitioner of a bond hearing would be a violation of his statutory rights. Accordingly, petitioner should be afforded a bond hearing pursuant to section 1226(a). *See Chateauneuf*, 2026 WL 523695, at *5 (ordering a section 1226(a) bond hearing where petitioner had not petitioned the immigration court for such a hearing); *Hernandez Burruel*, 2025 WL 3240356, at *4 (same).

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The first amended petition for writ of habeas corpus, ECF No. 14, be GRANTED.

2. Respondents' motion to dismiss, ECF No. 15, be DENIED.

3. Within fourteen days of this order, petitioner (A-Number: 078-871-812) be afforded a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

4. Respondents be ordered to file a status report, within five days of the bond hearing, confirming that the hearing occurred.

5. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to

5

Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 29, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6